IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| F & S BOATWORKS, INC., ) | |
| ) | IN ADMIRALTY |
| Defendant. ) | |

COMES NOW the plaintiff, The Standard Fire Insurance Company, by and through its counsel, complaining of the defendant, F & S Boatworks, Inc., and respectfully avers the following:

1. Plaintiff, The Standard Fire Insurance Company ("Standard Fire"), is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut. At all times relevant to the allegations contained herein, Standard Fire was authorized to conduct business in the State of Delaware and provided property insurance coverage to Mr. R. Scott Mason and Jammers, LLC against hazards to their property.

2. Defendant, F & S Boatworks, Inc. ("F&S"), is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Bear, Delaware. At all times relevant to the allegations contained herein, F&S

was in the business of designing, manufacturing, and selling maritime vessels to the general public throughout the United States.

3. This Court's jurisdiction is founded in its admiralty and maritime powers pursuant to Title 28 U.S.C. §1333, Admiralty Jurisdiction; Title 46 U.S.C. § 740, Admiralty Jurisdiction Extension Act; and Rule 9(h) of the Federal Rules of Civil Procedure in that the fire and loss of the vessel at issue occurred in navigable waters and involved traditional maritime activity. This Court also has pendent, ancillary and supplemental jurisdiction of certain aspects of the claims asserted herein. In addition, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the plaintiff and the defendant, and plaintiff's damages, exclusive of interest and costs, are in excess of $75,000.00.

4. Venue is proper in this Court in that this is an admiralty case and this Court has jurisdiction of the action, and the defendant resides in the State of Delaware.

5. On or about August 29, 2001, Jammers, LLC entered into an agreement with F&S for the construction of a 61' Sport Fisherman vessel. The hull identification number assigned by F&S to that vessel was FHZ1005G703. A bill of sale was issued on June 26, 2003, and the Certificate of Documentation, dated January 14, 2004, was issued by the United States Coast Guard listing the vessel name as "JAMMERS" with the official number 1144289.

6. On March 14, 2004, the vessel JAMMERS was in route from Jupiter Inlet, Florida to Charleston, South Carolina. While off the coast of Savannah, Georgia, Mr. Scott Mason, a principal in Jammers, LLC, was aboard the vessel with the captain of that vessel when he observed smoke emanating from the port engine exhaust. Upon opening the engine hatch, Mr. Mason discovered a fully-engaged fire.

7. The fire was caused by a defect in the design, manufacture, or installation of certain components in the vessel, including but not limited to the port engine system and its associated electrical wiring. In addition, the fire suppression system, which was designed, manufactured, and supplied by F&S for the vessel, was inadequate, defective, and incapable of extinguishing the fire in the engine room. As a result, the fire consumed the vessel entirely, causing it be a total loss and to sink in the waters off Savannah, Georgia. Moreover, this fire destroyed personal property aboard the vessel that was owned by Mr. Mason and Jammers, LLC.

8. At the time of the loss, Mr. R. Scott Mason and Jammers, LLC maintained a property insurance policy with Standard Fire. As a result of the fire, Mr. Mason and Jammers, LLC, as owners of the vessel and the personal property, filed a property insurance claim under that policy. Subsequently, Standard Fire paid its insureds a total of Two Million Twelve Thousand Five Hundred Dollars and 00/100 cents ($2,012,500.00) for damage to the vessel and for the contents located aboard the vessel. As such, Standard Fire is subrogated to the rights of its insureds to the extent of its payments to them.

## COUNT 1 - PRODUCTS LIABILITY

9. Plaintiff hereby incorporates by reference Paragraphs 1-8 as set forth above as fully as if recounted at length herein.

10. On and prior to March 14, 2004, F&S had a duty to design, manufacture, sell, and distribute the vessel JAMMERS so that it was not defective and was reasonably safe when put to the use for which it should have been designed, manufactured, sold, and distributed.

11. F&S designed, manufactured, sold, and distributed the vessel JAMMERS in a defective condition that was not reasonably safe for the purpose for which it was intended.

12. The fire and resulting loss of the vessel and other property, which occurred on navigable waters and while the vessel was at all times being used by its owner and those aboard the vessel in the manner for which the vessel was intended, was directly caused by F&S's failure to properly design, manufacture, assemble, sell, and distribute the vessel, which included but was not limited to a defectively designed, manufactured, or installed port engine system and its associated electrical wiring and an inadequate and improperly designed fire suppression system. As such, F&S designed, manufactured, and sold an unreasonably dangerous and defective product.

13. As a direct and proximate result of F&S's defective and unreasonably dangerous design, manufacture, and sale of the vessel JAMMERS, plaintiff has suffered damages in an amount in excess of Two Million Dollars and 00/100 cents ($2,000,000.00.)

## COUNT II – NEGLIGENCE

14. Plaintiff hereby incorporates by reference Paragraphs 1-13 as set forth above as fully as if recounted at length herein.

15. Plaintiff's insureds relied upon the skill, expertise, assurances, representations, and superior knowledge of F&S as to the design, manufacture, and assembly of the vessel.

16. The damages to the vessel and other property on board the vessel were caused by the negligence, carelessness, and gross negligence of F&S, its agents, servants and employees in that:

    (a) It failed to properly design the vessel;

    (b) It failed to properly manufacture and assemble the vessel;

    (c) It failed to properly inspect the vessel in a thorough and workmanlike manner before it left F&S's control;

    (d) It failed to properly design and manufacture an adequate and safe fire suppression system capable of extinguishing a fire in the engine compartment;

(e) It failed to warn the plaintiff's insureds of the defective condition of the vessel, including but not limited to the condition that caused the fire, which F&S knew or should have known existed and which created an unreasonable risk of harm to the plaintiff's insureds and their property;

(f) It failed to warn the plaintiff's insureds of the defective condition of the vessel, including but not limited to an inadequate, defective, and improperly designed fire suppression system, which F&S knew or should have known existed and which created an unreasonable risk of harm to the plaintiff's insureds and their property;

(g) It failed to warn plaintiff's insureds of a postmanufacture defect in the vessel, including but not limited to the defective condition that caused the fire, which F&S should have discovered after the manufacture of the vessel and which created an unreasonable risk of harm to the plaintiff's insureds and their property;

(h) It failed to warn the plaintiff's insureds of a postmanufacture defect in the vessel, including but not limited to the inadequate, defective, or improperly designed fire suppression system, which F&S should have discovered after the manufacture of the vessel and which created an unreasonable risk of harm to the plaintiff's insureds and their property;

(i) It failed to exercise due care in other ways which may be disclosed through discovery and the trial of this matter.

17. The previously described negligent, careless, and gross negligent acts of F&S, its agents, servants, and employees directly and proximately caused damage to plaintiff's insureds' vessel and their other property in an amount in excess of Two Million Dollars and 00/100 cents ($2,000,000.00.) for which F&S is liable.

## COUNT III – STRICT LIABILITY IN TORT

18. Plaintiff hereby incorporates by reference Paragraphs 1-17 as set forth above as fully as if recounted at length herein.

19. The vessel was expected to and did reach the plaintiff's insureds without substantial change and was in a defective and unreasonably dangerous condition when it was manufactured, assembled, distributed, and placed by F&S into the steam of commerce.

20. The defective and unreasonably dangerous condition of the vessel, including but not limited to that condition that caused the fire, as well as the inadequate fire suppression system that failed to extinguish the fire, made the vessel unreasonably unsafe and dangerous to the plaintiff's insureds and their property.

21. The plaintiff's insureds used the vessel in the manner in which it was intended.

22. The defective and unreasonably dangerous condition of the vessel proximately caused the fire at issue, as well as the failure of the fire suppression system to extinguish the fire, and the subsequent damage to the vessel and plaintiff's insureds' other property.

23. Defendant F&S is strictly liable in tort for the damage caused by the fire at issue, as F&S was the designer, manufacturer, assembler, and supplier of the defective and unreasonably dangerous product that it had placed into the stream of commerce.

## COUNT IV – BREACH OF IMPLIED WARRANTIES

24. Plaintiff hereby incorporates by reference Paragraphs 1-23 as set forth above as fully as if recounted at length herein.

25. The plaintiff's insureds entered into an agreement with F&S relying upon the implied warranties that all of F&S's work would be done in a careful, skillful, and workmanlike manner.

26. Defendant F&S failed to perform its obligations in a careful, skillful, and workmanlike manner and thereby breached the warranties relied upon by plaintiff's insureds.

27. In designing, manufacturing, assembling, selling, and otherwise distributing the vessel, F&S warranted that the vessel was safe and fit for the ordinary

purpose for which it was intended, that it was merchantable, and that it would be designed, manufactured, assembled, inspected in a safe, reasonable and workmanlike manner.

28. Defendant F&S breached the warranties alleged herein in that:

(a) The vessel was not fit for the purpose for which it was sold or purchased;

(b) The vessel was not merchantable as that term is defined under the applicable law;

(c) The vessel was defectively and improperly designed, manufactured, assembled, and inspected;

(d) The vessel and its components, including but not limited to the fire suppression system, were not as represented to plaintiff's insureds; and

(e) Such other particulars as may be disclosed through discovery and the trial of this matter.

29. As a direct and proximate result of the foregoing breaches of implied warranties, the fire at issue and the subsequent failure of the fire suppression system to extinguish the fire occurred causing damage to the vessel and to the plaintiff's insureds' other property as herein alleged.

30. Defendant F&S is therefore liable to plaintiff for the damages previously described herein.

## COUNT V – BREACH OF CONTRACT

31. Plaintiff hereby incorporates by reference Paragraphs 1-30 as set forth above as fully as if recounted at length herein.

32. The plaintiff's insureds and F&S entered into a contract for the construction of the vessel, which required that the work be conducted by F&S in a "first-class, sound and workmanlike manner." Moreover, F&S expressly warranted that the vessel would be free of defects in material and workmanship.

33. Defendant F&S breached the contract as alleged herein and further failed to perform the work in a first-class, sound, and workmanlike manner, and the vessel was not free from defects in material and workmanship. The plaintiff's insureds performed all of their duties and obligations under the contract.

34. As a direct and proximate result of F&S's breach of contract, F&S is liable to plaintiff in an amount in excess of Two Million Dollars and 00/100 cents ($2,000,000.00.)

WHEREFORE, the plaintiff demands judgment against defendant F&S in an amount in excess of Two Million Dollars and 00/100 cents ($2,000,000.00), plus interest, the cost of this action, and such other and further relief as this Court deems just and proper.

This the ___2___ day of March, 2007.

                STRADLEY RONON STEVENS & YOUNG, LLP

By: *Claire M. DeMatteis*
      Claire M. DeMatteis, Esquire DE Bar #3187
      Michael P. Migliore, Esquire DE Bar #4331
      300 Delaware Avenue, Suite 800
      Wilmington, DE 19801
      Telephone: (302) 576-5853
      Fax: (302) 576-5858
      E-mail: CDeMatteis@stradley.com

OF COUNSEL:

Hunter C. Quick, Esquire NC Bar #16453
E-mail: hquick@quickwidis.com
Howard M. Widis, Esquire NC Bar #8094
E-mail: hwidis@quickwidis.com
QUICK & WIDIS, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
Telephone: (704) 364-2500
Fax: (704) 365-8734

℠JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
The Standard Fire Insurance Company

### DEFENDANTS
F&S Boatworks, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Claire DeMatteis, Esq. Michael P. Migliore, Esq.
Stradley Ronon Stevens & Young, LLP  (302) 576-5878
300 Delaware Ave., Ste. 800, Wilmington, DE 19801

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☒ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28 U.S.C. 1333, Title 46 U.S.C. 740, 28 U.S.C. 1332
Brief description of cause:
Vessel and other prop. destroyed by design/construction defect.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 3/2/07
SIGNATURE OF ATTORNEY OF RECORD
Claire M. DeMatteis

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-132

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____3/2/07____  ____Mary Jane Ruddy____
(Date forms issued)  (Signature of Party or their Representative)

____Mary Jane Ruddy____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action