IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action 07-132-JJF |
| | ) | |
| F&S BOATWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant F&S Boatworks, Inc., by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint and therefore denies same.

2. Admitted in part; denied in part. It is admitted only that Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Bear, Delaware. The remaining averments in paragraph 2 of the Complaint are denied.

3. The averments in paragraph 3 of the Complaint are conclusions of law and are therefore denied.

4. The averments in paragraph 4 of the Complaint are conclusions of law and are therefore denied.

5. Admitted in part; denied in part. It is admitted only that Defendant was party to a contract to build a 61-foot vessel bearing Hull Identification Number FHZ1005G703. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5 of the Complaint and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint and therefore denies same.

7. Denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint and therefore denies same.

## COUNT I

9. The foregoing paragraphs 1 through 8 are incorporated herein as if set forth at length.

10. The averments in paragraph 10 of the Complaint are conclusions of law and are therefore denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT II

14. The foregoing paragraphs 1 through 13 are incorporated herein as if set forth at length.

15. Denied.

16. Denied, including each and every subpart thereof.

17. Denied.

### COUNT III

18. The foregoing paragraphs 1 through 17 are incorporated herein as if set forth at length.

19. Denied.

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint and therefore denies same.

22. Denied.

23. Denied.

### COUNT IV

24. The foregoing paragraphs 1 through 23 are incorporated herein as if set forth at length.

25. Denied.

26. Denied.

27. Denied.

28. Denied, including each and every subpart thereof.

29. Denied.

30. Denied.

## COUNT V

31. The foregoing paragraphs 1 through 30 are incorporated herein as if set forth at length.

32. Denied as stated, as the contract speaks for itself. It is specifically denied that the provision quoted in paragraph 32 of the Complaint is a complete and accurate statement concerning the contract.

33. Denied.

34. Denied.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, with costs and attorneys' fees awarded to Defendant, and that this Honorable Court afford Defendant such further relief as is proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, by laches, and/or by waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to give proper notice of an alleged defect.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the failure to comply with the terms and conditions of the applicable contract.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the loss was caused by the sole fault or misconduct of its subrogor or by other parties for whom Defendant has no responsibility.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, with costs and attorneys' fees awarded to Defendant, and that this Honorable Court afford Defendant such further relief as is proper.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: April 25, 2007                By:   /s/ Michael B. McCauley
                                    Michael B. McCauley (ID 2416)
                                    1223 Foulk Road
                                    Wilmington, DE 19803
                                    (302) 594-0895
                                    (302) 478-7625 (fax)
                                    mccauley@pbh.com
                                    Attorneys for F&S Boatworks, Inc.

PBH: 189765.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2007, the foregoing Answer was filed via CM/ECF which will send notification of such filing to:

Claire M. DeMatteis, Esq.
Michael P. Migliore, Esq.
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
mmigliore@stradley.com

I further certify that a true and correct copy of the Answer was served by overnight courier to:

Hunter C. Quick, Esq.
Howard M. Widis, Esq.
QUICK & WIDIS, PLLC
2100 Rexford Rd., Suite 200
Charlotte, NC 23211

PALMER BIEZUP & HENDERSON LLP

Date: April 25, 2007       By:   /s/ Michael B. McCauley
                                  Michael B. McCauley (ID 2416)
                                  1223 Foulk Road
                                  Wilmington, DE 19803
                                  (302) 594-0895
                                  (302) 478-7625 (fax)
                                  mccauley@pbh.com
                                  Attorneys for F&S Boatworks, Inc.

PBH: 189765.1