IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-132 (JJF) |
| v. | ) ) | |
| F & S BOATWORKS, INC., | ) ) ) | |
| Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

The Standard Fire Insurance Co. (the "Plaintiff"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for a Protective Order regarding Defendant's noticing the depositions of (1) James A. Cote, (2) E. Charles Game and (3) persons designated by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) to testify on the specific matters listed in the notice of Deposition and further described in this motion and as reasons therefore states as follows:

1. This action in admiralty, filed by Plaintiff on March 2, 2007, seeks damages as a result of a fire onboard a 61' sport fisherman vessel manufactured by Defendant.

2. The Rule 16 Scheduling Order filed June 29, 2007 stated that reports from retained experts required by Fed. R. Civ. P.26 (a)(2) are due from the plaintiffs by March 17, 2008.

3. Initial disclosures have been exchanged and a first set of Interrogatories and Production Requests have been served and answered by all parties.

B # 739631 v.1

4. Defendant has served a Notice of Deposition dated January 4, 2008 (attached hereto as Exhibit 1) noticing depositions for the week of January 28, 2008 for (1) Roy Scott Mason, (2) Michael J. Materese, III, (3) James A. Cote, (4) E. Charles Game and (5) Person(s) designated by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) to testify on the following matters: (a) the cause and origin of the fire at issue; (b) Plaintiff's decision to institute suit against F & S Boatworks, Inc. and (c) the factual basis for Plaintiff's contentions that F & S Boatworks, Inc. improperly installed the AC generator engine, that such allegedly improper installation caused the fire, that the fire suppression system was improperly designed and installed and that such allegedly improper design and installation caused the total loss of the vessel.

5. The depositions of (1) Matarese and (2) Mason have been set for January 30 and 31, 2008, respectively.

6. Plaintiff objects and seeks a Protective Order with regard to the depositions (3) Cote and (4) Game on the grounds that these two individuals are retained experts and have been identified as such in Plaintiff's Answers to Interrogatories. *See* Exhibit 2. Reports from these experts are not due until March 17, 2008 and discovery by Plaintiff, including information that may be useful or necessary to its experts, is ongoing.

7. The deposition of these experts at this time, prior to the issuance of their 26(a)(2)(b) report, is premature. Fed R. Civ. P. 26(b)(4)(A) states:

(4) Trial Preparation: Experts

> (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. *If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.* (Emphasis added)

8. Defendant maintains it is only seeking factual information from the experts. However, Plaintiff provided the factual information with its initial disclosures and in response to Defendant's First Set of Interrogatories and First Request for Production of Documents. It is the Plaintiff's understanding that Defendant has not yet retained an expert to evaluate these facts. Defendant is now seeking to have Plaintiff's experts explain the importance of the available facts and how these facts can be used to support the Plaintiff's claims. Fed R. Civ. P. 26(b)(4)(A) specifically addresses this point and does not allow deposition of such experts until after the required report is issued.

9. Defendant is also seeking to have a 30(b)(6) deposition address these same points in an effort to determine the importance or relevance of the available facts. While Plaintiff is fully prepared to present a person to testify in a 30(b)(6) deposition regarding matters within the knowledge of a representative of the Plaintiff, Defendant is again seeking to obtain information explaining the relevance or importance of facts that have already been provided. Defendant is seeking to obtain and explore expert reasoning and opinions by questioning a 30(b) (6) representative.

10. In particular, with regard to each specific area of testimony identified by the Defendant:

(a) The cause and origin of the fire at issue - the retained experts will be testifying regarding the cause and origin of the fire at an appropriate time after they have issued their mandatory reports. The 30(b)(6) notice is an attempt to obtain the expert's testimony and opinions via representatives of the Plaintiff. Furthermore, it will by

necessity also seek information that has been provided by counsel and thus is protected by the attorney-client privilege.

(b) Plaintiff's decision to institute suit against F & S Boatworks, Inc. –

Defendant is seeking to obtain testimony that directly involves the Plaintiff counsel's work product and thought process. It is seeking information as to the information and legal analysis provided to Plaintiff by counsel and therefore is protected by the attorney-client privilege.

(c) The factual basis for Plaintiff's contentions that F & S Boatworks, Inc. improperly installed the AC generator engine, that such allegedly improper installation caused the fire, that the fire suppression system was improperly designed and installed and that such allegedly improper design and installation caused the total loss of the vessel. Although couched as a request for the factual basis of Plaintiff's contentions, it is an attempt to seek the 30(b)(6) representative's understanding of the relevance or importance of facts already produced and to improperly gain information provided to the representative by its retained experts and/or protected by the attorney-client privilege.

Plaintiff has already provided Defendant with the facts on which it bases its contentions. In particular, Plaintiff has provided responses to written discovery and provided over 700 pages of documents with its initial disclosures including the transcripts of the interviews with the owner of the vessel, Mr. Mason and his captain, Mr. Matarese. Furthermore, Plaintiff is producing Mr. Matarese and Mr. Mason for their depositions by Defendant on January 30 and 31, 2008, respectively and Defendant's counsel will have an opportunity to ask them questions directly. As previously stated, Defendant is in essence seeking to determine the relative importance of the facts already provided, an

exercise that will need to be done by Defendant's own retained experts in this matter. Questions as to how a certain fact supports a given theory or contention are questions that should be addressed by the retained experts. Requiring a representative to be deposed in order to have them simply repeat facts already provided to Defendant is an annoyance and an undue burden and expense. This information can be properly sought by depositions of Plaintiff's retained experts after their mandatory reports are produced pursuant to the Court's scheduling order.

11. Counsel for Plaintiff and Defendant have conferred in good faith in an effort to resolve this dispute and Plaintiff's Certification is attached hereto as Exhibit 3.

12. For the above reasons, Plaintiff respectfully requests that this Court grant a Protective Order providing that the depositions of the retained experts of the Plaintiff not be had until the mandatory reports are issued and that the 30(b)(6) depositions on the subjects specifically identified in the Defendant's January 4, 2008 Notice of Deposition not be allowed.

13. In addition, pursuant to D. Del. L.R. 30.2, upon the filing of this motion for Protective Order under Fed. R. Civ. P. 26(c), neither the objecting party, a witness, nor any attorney is required to appear at a deposition to which the motion is directed until the motion is resolved by this Court.

B # 739631 v.1

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order in accordance with the relief sought herein.

January 25, 2008

*/s/ Michael P. Migliore*

Claire M. DeMatteis (DE Bar No. 3187)
Michael P. Migliore (DE Bar No. 4331)
STRADLEY RONON STEVENS & YOUNG, LLC
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: 302-576-5850
Facsimile: 302-576-5858
E-mail: CMDeMatteis@stradley.com
           and
Hunter C. Quick, Esquire
Howard M. Widis, Esquire
QUICK & WIDIS, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
Telephone: 704-364-2500
Facsimile: 704-365-8734
Email: HQuick@quickwidis.com

*Attorneys for Plaintiff*

B # 739631 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, Plaintiff, | : : : : | Civil Action No. 07-132 (JJF) |
| v. | : : | |
| F & S BOATWORKS, INC. Defendant. | : : : | |

## NOTICE OF DEPOSITIONS

TO:  Hunter C. Quick, Esq.
Quick & Widis, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
hquick@quickwidis.com

Claire M. DeMatteis, Esq.
Stradley, Ronon, Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
cdematteis@stradley.com

PLEASE TAKE NOTICE that Defendant F & S Boatworks, Inc., by and through undersigned counsel, will take the depositions of the following individuals during the week of January 28, 2008, at times to be mutually agreed, at Esquire Deposition Services, 1201 North Orange Street, Wilmington, Delaware 19801. Testimony will be recorded by stenographic means.

PERSONS TO BE EXAMINED:

1. Roy Scott Mason

2. Michael J. Matarese, III

3. James A. Coté

PBH: 194255.1

EXHIBIT 1

4. E. Charles Game

5. Person(s) designated by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) to testify on the following matters: (a) the cause and origin of the fire at issue, (b) Plaintiff's decision to institute suit against F&S Boatworks, Inc., and (c) the factual basis for Plaintiff's contentions that F&S Boatworks, Inc. improperly installed the AC generator engine, that such allegedly improper installation caused the fire, that the fire suppression system was improperly designed and installed, and that such allegedly improper design and installation caused the total loss of the vessel.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: January 4, 2008

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Defendant

PBH: 194255.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2008, the foregoing Notice of Depositions was served via e-mail and first-class mail addressed to:

Claire M. DeMatteis, Esq.
Stradley, Ronon, Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
cdematteis@stradley.com

Hunter C. Quick, Esq.
Quick & Widis, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
hquick@quickwidis.com

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: January 4, 2008

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Defendant

PBH: 194255.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-132-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| F & S BOATWORKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO FIRST
INTERROGATORIES OF DEFENDANT F&S BOATWORKS, INC.**

COMES NOW the plaintiff, The Standard Fire Insurance Company ("Standard Fire"), by its attorneys, and submits its Objections and Answers to the First Interrogatories propounded by defendant F&S Boatworks, Inc. ("F&S") as follows:

1. Identify all persons providing any of the information used in preparing the Answers to these Interrogatories and the specific Interrogatory(ies) for which each person provided such information. This Interrogatory seeks not only the identity of the person who provided the information to your attorney, but also seeks for the identity of all persons from whom information was gathered to answer these Interrogatories.

   ANSWER: The Answers to these Interrogatories were prepared by counsel for plaintiff, with the assistance of Mr. Roy Scott Mason and his employees. Counsel relied on the claim file that was generated after plaintiff's insured filed the property insurance claims with Standard Fire after the incident at issue. With the exception of

EXHIBIT 2

attorney-client privileged communications and documents protected by the work product doctrine, plaintiff has previously produced to defendant a copy of material responsive to this Request with Plaintiff's Initial Disclosures (Bates Nos. "SFIC 00001 – SFIC 00703").

2. Identify all inspections or investigations conducted by plaintiff into the incident, including the dates they were conducted, and with respect to each such inspection or investigation, identify the persons conducting that inspection or investigation, and the factual findings made as a result of the inspection or investigation.

ANSWER: Plaintiff objects to this Interrogatory to the extent that it seeks the disclosure of expert opinions, which will be disclosed in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing, plaintiff retained Mr. Robert Boetler, a Travelers in-house investigator, to conduct an origin and cause investigation into the fire at issue. Mr. Boetler conducted his investigation soon after this fire, but his investigation was limited due to the fact that the vessel at issue had sunk and he was unable to physically examine it.

Plaintiff subsequently assigned Travelers investigator Mr. Eugene L. Cohenhour to interview Mr. Roy Scott Mason, a principal in Jammers, LLC, the owner of the vessel at issue, and the captain of

2

this vessel, Mr. Michael J. Matarese, III. Mr. Cohenhour conducted this interview on April 8, 2004, and he obtained recorded statements from these individuals during that interview. Plaintiff previously produced a copy of the transcripts of these statements to defendant. (*See* Bates-labeled documents numbered "SFIC 00628 – SFIC 007703").

Plaintiff also retained Mr. James A. Coté, a marine electrical engineer with Ward's Marine Electric, Inc., to evaluate the cause of this fire; and it retained Mr. E. Charles Game, a fire suppression engineer with E. C. Game Engineering, to evaluate the fire suppression system installed in the vessel at issue. These individuals prepared preliminary reports in anticipation of litigation, and these reports are protected by the work product doctrine. Mr. Coté's Preliminary Report is dated July 18, 2005; and Mr. Game's Preliminary Report is dated January 25, 2007. Plaintiff anticipates identifying these individuals as testifying experts, and if so, will provide expert disclosures in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

3.  Identify all experts retained by plaintiff to testify at the trial of this matter, and with respect to each such expert, provide the following:

    a.  the subject matter on which that expert is expected to testify;

3

QUICK & WIDIS, PLLC

By: _____
Hunter C. Quick, Esquire
Email: hquick@quickwidis.com
Howard M. Widis, Esquire
Email: hwidis@quickwidis.com
2100 Rexford Road, Suite 200
Charlotte, NC 28211
Phone: 704-364-2500
Fax: 704-365-8734


Claire M. DeMatteis, Esquire DE Bar #3187
Michael P. Migliore, Esquire DE Bar #4331
STRADLEY RONON STEVENS &
    YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5853
Fax:   (302) 576-5858
Email: CDeMatteis@stradley.com


*COUNSEL FOR PLAINTIFF*

STATE OF MARYLAND

COUNTY OF BALTIMORE           **VERIFICATION**

I, _Vicky Griswold_ (Name), _Subrogation Director_ (Title) on behalf of The Standard Fire Insurance Company, being duly sworn, depose and say that I have read the Answers to the foregoing Plaintiff's Objections and Answers to First Interrogatories of Defendant F&S Boatworks, Inc. and that those Answers are true and correct to the best of my knowledge, information, and belief at this time.

THE STANDARD FIRE INSURANCE COMPANY

By: _Vicky Griswold_
(Signature)

Name: _Vicky Griswold_

Title: _Subrogation Director_

Sworn to and subscribed before me this _3RD_ day of _JANUARY_, 200_8_.

_Shirley Zorn_
Notary Public

My Commission Expires: _NOVEMBER 28, 2009_

(SEAL)



SHIRLEY ZORN
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND
MY COMMISSION EXPIRES NOVEMBER 28, 2009

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2007, a copy of the foregoing *Plaintiff's Objections and Answers to First Interrogatories of Defendant F&S Boatworks, Inc.* was served upon the following, via U.S. mail, postage pre-paid in an envelope addressed to:

Michael B. McCauley, Esquire
PALMER BIEZUP & HENDERSON, LLP
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895 Phone
(302) 478-7625 Fax

*COUNSEL FOR F&S BOATWORKS, INC.*

_____
Hunter C. Quick, Esquire

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-132-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| F & S BOATWORKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION OF ATTEMPT TO RESOLVE DISCOVERY DISPUTE

Pursuant to Fed. R. Civ. P 26 (c), the undersigned, counsel for Plaintiff, hereby certifies that he has conferred in good faith with counsel for Defendant, F & S Boatworks, Inc. in an attempt to resolve the dispute regarding the depositions of James A. Cote, E. Charles Game and Persons designated by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) to testify on specific matters listed in the Defendant's Notice of Deposition dated January 4, 2008 and that counsel have been unable to come to an agreement.

This the 25th day of January, 2008.

_____
Howard M. Widis
QUICK & WIDIS, PLLC
2100 Rexford Rd., Suite 200
Charlotte, NC 28211
(704) 364-2500
hwidis@quickwidis.com

Sworn to and subscribed before me
this 25th day of January, 2008

_____
Notary Public
My Commission expires: 11-9-2008

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE STANDARD FIRE<br>INSURANCE COMPANY, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 07-132 (JJF) |
| v. | ) <br> ) | |
| F & S BOATWORKS, INC., | ) <br> ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this ____ day of _____ 2008, upon consideration of the *Motion of The Standard Fire Insurance Company For a Protective Order* filed by plaintiff The Standard Fire Insurance Company (the "Motion"), and any response by defendant F & S Boatworks, Inc.;

IT IS HEREBY ORDERED that Plaintiff's Motion is hereby granted.

_____      _____
Date                                                                    The Honorable Joseph J. Farnan, Jr.

B # 739631 v.1

**CERTIFICATE OF SERVICE**

I, Michael P. Migliore certify that the *Motion for Protective Order* was served upon counsel for Defendant, F&S Boatworks, Inc. via electronic mail and U.S. First Class Mail on January 28, 2008 at the address set forth below.

        Michael B. McCauley, Esquire
        PALMER BIEZUP & HENDERSON, LLP
        1223 Foulk Road
        Wilmington, DE 19803
        (302) 594-0895 Phone
        (302) 478-7625 Fax

Dated: January 28, 2008

*/s/ Michael P. Migliore*
Claire M. DeMatteis (DE Bar No. 3187)
Michael P. Migliore (DE Bar No. 4331)
STRADLEY RONON STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: 302-576-5850
Facsimile: 302-576-5858
E-mail: CMDeMatteis@stradley.com
        and
Hunter C. Quick, Esquire
Howard M. Widis, Esquire
QUICK & WIDIS, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
Telephone: 704-364-2500
Facsimile: 704-365-8734
Email: HQuick@quickwidis.com

*Attorneys for Plaintiff*