IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE STANDARD FIRE
INSURANCE COMPANY,
              Plaintiff,

    v.

F & S BOATWORKS, INC.,
              Defendant.

Civil Action No. 07-132 (JJF)

## RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant F&S Boatworks, Inc., by and through undersigned counsel, responds to Plaintiff's motion for a protective order as follows:

1.    This case arises out of a fire aboard a sportfishing vessel on the high seas. The vessel sank in deep water, no part of it has been recovered, and Plaintiff has not conducted any physical inspection of the vessel as to the cause, origin, and circumstances of the fire.

2.    The Complaint against F&S sets forth conclusory allegations of defects in the vessel's port side engine and fire suppression system (Complaint ¶ 7) but does not state what these defects were, how they caused the fire and the loss of the vessel, or how they are attributable to F&S. The written materials Plaintiff produced as part of its initial disclosures also provide no indication as to the cause and origin of the fire. In their recorded statements, both the owner and the captain (the only persons onboard at the time of the fire) stated that they do not know how the fire started.

3.    In its answers to interrogatories Plaintiff again provided only boilerplate statements about alleged defects. When asked in an interrogatory to specifically identify the

PBH: 194669.1

facts supporting its contention that F&S was responsible for the loss, Plaintiff cited to

allegedly "improper installation of the AC generator engine" and "improper design and

installation of the fire suppression system," but again failed to specify what aspects of the

installation or design were improper, and offered no facts to support causation, which is an

indispensable element of every claim in the Complaint.  (*See* Plaintiff's Answers to

Interrogatories ¶ 10) (attached hereto as Exhibit A).  Plaintiff also refused to explain any of

its responses to F&S's requests for admissions.  (*Id.* ¶ 9; *see also* Plaintiff's Responses to

Requests for Admissions, attached hereto as Exhibit B).  Likewise, Plaintiff declined to

produce the written reports that its experts, James Coté and E. Charles Game, had prepared

before the lawsuit was filed.  (Plaintiff's Answers to Interrogatories ¶ 2).  Plaintiff expects

Mr. Coté and Mr. Game to be its testifying experts in this case.  (*Id.*)

4.     Plaintiff's failure to supply any details about its claim has handicapped F&S's

ability to assess the case and the potential need to join third parties such as the manufacturer

of the generator and the fire suppression system.  Accordingly, F&S noticed the depositions

of Mr. Coté, Mr. Game, and Plaintiff's Rule 30(b)(6) designee(s) in order to ascertain the

factual basis of the Plaintiff's allegations.

5.     When Plaintiff objected to the depositions, F&S offered to adjourn them in

exchange for Plaintiff producing the reports previously prepared by Mr. Coté and Mr. Game,

without prejudice to any privilege Plaintiff might have.  (*See* January 14, 2008 letter from

Howard Widis to Michael McCauley, attached hereto as Exhibit C, and January 15, 2008

letter from Michael McCauley to Howard Widis, attached hereto as Exhibit D).  It was hoped

that the reports would at least set forth some specific facts underlying Plaintiff's contentions.

PBH: 194669.1

2

6.    In subsequent telephone discussions between counsel, Plaintiff advised that it was unaware of any facts supporting its position other than those it had already disclosed to F&S. Plaintiff also agreed to produce a 30(b)(6) witness to testify as to the factual basis for Plaintiff's allegations regarding the generator and fire suppression system.

7.    In view of these developments, F&S agreed to adjourn the Coté and Game depositions if Plaintiff would (1) stipulate that it was unaware of any facts supporting its claim other than the facts already disclosed to F&S, (2) supplement its answer to Interrogatory No. 10 by stating the factual basis for its contentions regarding the generator and the fire suppression system, (3) agree to a 30-day extension of F&S's expert report deadline and of subsequent deadlines (in order to ensure F&S had time to address any new factual information contained in Plaintiff's expert reports), and (4) consent to allow F&S to join third-party defendants following production of Plaintiff's expert reports (in the event the reports provided a factual basis to join the manufacturer of the generator or the fire suppression system). The foregoing would be without prejudice to Plaintiff's right to alter or supplement its contentions if it obtained additional facts during remaining discovery. (*See* January 24, 2008 e-mail from Michael McCauley to Howard Widis, attached hereto as Exhibit E).

8.    Plaintiff subsequently rejected F&S's proposal, withdrew its prior agreement to produce a 30(b)(6) designee, and moved for a protective order. (*See* January 25, 2008 e-mail from Howard Widis to Michael McCauley, attached hereto as Exhibit F).

9.    A party seeking a protective order bears the burden of showing good cause for relief. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). The movant must

"demonstrat[e] a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Protective orders barring depositions are rarely issued. *Musko v. McCandless*, 1995 U.S. Dist. LEXIS 14477 (E.D. Pa. Sept. 29, 1995); *Investment Properties International, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972) ("[A]n order to vacate a notice of taking is generally regarded as both unusual and unfavorable.").

10.     A defendant is entitled to discover, through interrogatories and depositions, all facts upon which a plaintiff bases its allegations even if those facts were developed through plaintiff's own pre-suit investigation. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 155-56 (D. Del. 1999); *see also* 6 MOORE'S FEDERAL PRACTICE § 26.46[11][a]:

> Before the 2000 amendments to Rule 26(b)(1), in any negligence action, regardless whether it was a products liability action, both parties were entitled to discovery of the other party's contentions regarding the specific facts surrounding the events . . . and how those events did or did not manifest negligence on the part of the defendant . . . .
>
> Information concerning the other party's contentions relating to the specific manner in which the incident in question was the result of negligence will remain discoverable under the 2000 amendments . . . .

11.     Moreover, the underlying facts surrounding the casualty are freely discoverable even if they were acquired by an expert, adjuster, or other person investigating the loss on Plaintiff's behalf. *Spaulding v. Denton*, 68 F.R.D. 342, 345 (D. Del. 1975). Plaintiff is a first-party property insurer who, as part of the normal course of business, investigates and adjusts property losses. Plaintiff no doubt carried out a detailed

investigation into the facts and circumstances of the casualty when deciding whether to make a $2 million payout to its insured. The information gleaned from such an investigation is discoverable. 6 MOORE'S FEDERAL PRACTICE § 26.70[3][c][i].

12.     It seems unlikely that the materials produced to F&S thus far represent the entire universe of facts known to Plaintiff. For instance, Scott Mason, the vessel's owner, testified at his deposition taken on January 31, 2008, that he was interviewed by telephone on various occasions by Mr. Coté and possibly other representatives of Standard Fire Insurance Co. as well. Plaintiff had not previously disclosed that these interviews took place, much less the facts obtained from them.

13.     Nevertheless, in view of Plaintiff's assurances that there are simply no facts known to it other than those already disclosed, F&S attempted to resolve the discovery dispute by means of a stipulation that would protect F&S from the unfair surprise of having facts revealed for the first time during the expert stage of the litigation, while also allowing Plaintiff to alter or supplement its contentions with any additional facts obtained during remaining discovery.

14.     In the circumstances F&S respectfully requests that the depositions be permitted to go forward so that F&S can be assured that it has access to all underlying facts known to Plaintiff. Alternatively, if Plaintiff is willing to state on the record that it is not aware of any facts supporting its claim other than those it has already disclosed, while supplementing (to the extent it is able) the contentions concerning the generator and fire suppression system, and consenting to a reasonable extension of F&S's expert report deadline

and the deadline for joining third parties, then F&S has no objection to the depositions at issue being adjourned.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: February 4, 2008

By:   /s/ Michael B. McCauley
      Michael B. McCauley (ID 2416)
      1223 Foulk Road
      Wilmington, DE 19803
      (302) 594-0895
      (302) 478-7625 (fax)
      mccauley@pbh.com
      Attorneys for Defendant

PBH: 194669.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2008, the foregoing Response to

Plaintiff's Motion for Protective Order was filed via ECF which will send notice to:

Claire M. DeMatteis, Esq.
Stradley, Ronon, Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
cdematteis@stradley.com

I further certify that on this same date a true and correct copy was served via e-mail

and first-class mail addressed to:

Howard M. Widis, Esq.
Quick & Widis, PLLC
2100 Rexford Road, Suite 200
Charlotte, NC 28211
hwidis@quickwidis.com

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: February 4, 2008                     By:  /s/ Michael B. McCauley
                                                Michael B. McCauley (ID 2416)
                                                1223 Foulk Road
                                                Wilmington, DE 19803
                                                (302) 594-0895
                                                (302) 478-7625 (fax)
                                                mccauley@pbh.com
                                                Attorneys for Defendant

PBH: 194669.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE STANDARD FIRE
INSURANCE COMPANY,                )
                                  )
            Plaintiff,            )        Civil Action No. 07-132-JJF
                                  )
        v.                        )
                                  )
F & S BOATWORKS, INC.             )
                                  )
            Defendant.            )

PLAINTIFF'S OBJECTIONS AND ANSWERS TO FIRST
INTERROGATORIES OF DEFENDANT F&S BOATWORKS, INC.

COMES NOW the plaintiff, The Standard Fire Insurance Company ("Standard

Fire"), by its attorneys, and submits its Objections and Answers to the First

Interrogatories propounded by defendant F&S Boatworks, Inc. ("F&S") as follows:

1.    Identify all persons providing any of the information used in preparing the

Answers to these Interrogatories and the specific Interrogatory(ies) for which each person

provided such information.   This Interrogatory seeks not only the identity of the person

who provided the information to your attorney, but also seeks for the identity of all

persons from whom information was gathered to answer these Interrogatories.

ANSWER:    The Answers to these Interrogatories were prepared by counsel for

            plaintiff, with the assistance of Mr. Roy Scott Mason and his

            employees.   Counsel relied on the claim file that was generated

            after plaintiff's insured filed the property insurance claims with

            Standard Fire after the incident at issue.   With the exception of

EXHIBIT
A

attorney-client privileged communications and documents

protected by the work product doctrine, plaintiff has previously

produced to defendant a copy of material responsive to this

Request with Plaintiff's Initial Disclosures (Bates Nos. "SFIC

00001 – SFIC 00703").

2.    Identify all inspections or investigations conducted by plaintiff into the

incident, including the dates they were conducted, and with respect to each such

inspection or investigation, identify the persons conducting that inspection or

investigation, and the factual findings made as a result of the inspection or investigation.

ANSWER:    Plaintiff objects to this Interrogatory to the extent that it seeks the

disclosure of expert opinions, which will be disclosed in

accordance with the Court's Scheduling Order and the Federal

Rules of Civil Procedure.   Subject to and without waiving the

foregoing, plaintiff retained Mr. Robert Boetler, a Travelers in-

house investigator, to conduct an origin and cause investigation

into the fire at issue.  Mr. Boetler conducted his investigation soon

after this fire, but his investigation was limited due to the fact that

the vessel at issue had sunk and he was unable to physically

examine it.

Plaintiff subsequently assigned Travelers investigator Mr. Eugene

L. Cohenhour to interview Mr. Roy Scott Mason, a principal in

Jammers, LLC, the owner of the vessel at issue, and the captain of

this vessel, Mr. Michael J. Matarese, III.  Mr. Cohenhour
conducted this interview on April 8, 2004, and he obtained
recorded statements from these individuals during that interview.
Plaintiff previously produced a copy of the transcripts of these
statements to defendant.  (*See* Bates-labeled documents numbered
"SFIC 00628 – SFIC 007703").

Plaintiff also retained Mr. James A. Coté, a marine electrical
engineer with Ward's Marine Electric, Inc., to evaluate the cause
of this fire; and it retained Mr. E. Charles Game, a fire suppression
engineer with E. C. Game Engineering, to evaluate the fire
suppression system installed in the vessel at issue.  These
individuals prepared preliminary reports in anticipation of
litigation, and these reports are protected by the work product
doctrine.  Mr. Coté's Preliminary Report is dated July 18, 2005;
and Mr. Game's Preliminary Report is dated January 25, 2007.
Plaintiff anticipates identifying these individuals as testifying
experts, and if so, will provide expert disclosures in accordance
with the Court's Scheduling Order and the Federal Rules of Civil
Procedure.

3.    Identify all experts retained by plaintiff to testify at the trial of this matter,
and with respect to each such expert, provide the following:

a.    the subject matter on which that expert is expected to testify;

b.    the substance of the facts and opinions to which the expert is expected to testify; and

c.    a summary of the grounds for each opinion.

ANSWER:    Plaintiff will provide its expert disclosures in accordance with the

Court's Scheduling Order and the Federal Rules of Civil

Procedure. *See also* Answer to Interrogatory No. 2.

4.    Identify and describe in detail all work and functions that Roy Scott Mason, Chesapeake Diesel, Alban Engine Power Systems, Jammers LLC, or any of their agents and representatives, performed in the design, fabrication, or construction of the vessel and/or the procurement, installation, repair, maintenance or modification of any of the vessel's original components.

ANSWER:    Plaintiff objects to this Interrogatory on the grounds that it is

overly broad, ambiguous, and unduly burdensome. Subject to

those objections and without waiving the foregoing, the work

described below was performed by these various persons/entities.

Mr. Roy Scott Mason and these other entities installed 24-volt

common wiring for the vessel engines only. Mr. Mason and

Chesapeake Diesel purchased and installed these engines and the

transmission as well. They also purchased the AC generator

engine and placed it in position for installation, but F&S alone

installed that generator and performed all of the wiring to it. Mr.

Mason also performed interior design work, but neither he nor

these other entities performed any structural design. All structural

4

design work was performed by F&S. Furthermore, Mr. Mason and these companies hired contractors to install window treatments.

At all times, however, even with respect to the work performed by Mr. Mason and these other entities, F&S supervised that work and was in complete control of all work performed during the manufacture of the vessel. In fact, F&S's principal, Mr. Jim Floyd, personally supervised much of this work.

5. Identify all inspections, repairs, maintenance, or modifications performed by or on behalf of Plaintiff's insured on the systems and components in or adjacent to the vessel's engine compartment, including, without limitation, the engines, air, exhaust, fuel and lubrication systems, electrical systems (including generators, alternators, batteries and wiring), pumps (fuel, water or otherwise), motors, and all firefighting and fire suppression equipment. With respect to each inspection, repair, maintenance and modification, identify the dates the work was performed, the person(s) performing that work, and describe what specific work was performed.

ANSWER:    Plaintiff objects to this Interrogatory on the grounds that it is overly broad, ambiguous, and unduly burdensome. Subject to those objections and without waiving the foregoing, there were two sea trials conducted by plaintiff's insured just prior to delivery of the vessel at issue. After delivery of the vessel, plaintiff's insured installed a new propeller shaft and propeller in approximately November 2003. In addition, plaintiff's insured changed the oil

and conducted minor maintenance, such as changing the light

bulbs; performed routine inspections before each use; and replaced

an alternator in February 2004.  F&S replaced the fresh water

pump on the vessel in or about February 2004.

6.      Identify each person who has or claims to have knowledge of the facts that

plaintiff contends support or tend to support its claims in this action, and with respect to

each such person, state the facts of which that person has or claims to have knowledge.

ANSWER:     Plaintiff objects to this Interrogatory on the grounds that it is

overly broad and unduly burdensome.  In addition, it seeks the

disclosure of information that is protected by the attorney-client

privilege or work-product doctrine.  Subject to those objections

and without waiving the foregoing, plaintiff is providing the

information included below and refers defendant to the information

that has previously been produced in documents and tangible

things Bates Nos. "SFIC 00001 – SFIC 00703," which identify

numerous other individuals who may have knowledge of the

information sought in this Interrogatory.

A.     Roy Scott Mason
       27349 Venaringham Drive
       Chestertown, MD 21720

       *Knowledge of the incident described in plaintiff's
       Complaint; the damages caused by the incident; and the
       adjustment of the property insurance claim filed with
       Standard Fire.*

6

B.    Michael J. Matarese, III
      644 Hammond Road
      Middletown, DE 19709

      *Knowledge of the incident described in plaintiff's
      Complaint and the operation and maintenance of the vessel
      at issue.*

C.    Rita Thompson
      Mason Building Group, Inc.
      35 Albe Drive
      Newark, DE 19702

      *Knowledge of the damages caused by the incident at issue
      and the adjustment of the property insurance claim filed
      with Standard Fire.*

D.    Jim Floyd
      F&S Boatworks, Inc.
      353 Summit Point Circle
      Bear, DE 19701

      *Knowledge relating to the design and construction of the
      vessel at issue and other similar vessels.*

E.    Alban Engine Power Systems
      12904 Sunset Avenue
      Ocean City, MD 21842

      *Knowledge relating to testing and/or repairs to engines
      aboard the vessel at issue.*

F.    Danny Craig
      Chesapeake Diesel
      25498 Mary Morris Road
      Chestertown, MD 21620

      *Knowledge relating to work performed on the vessel at
      issue.*

G.    Pipewelders Marine, Inc.
      2965 West State Road 84
      Marina Mile
      Ft. Lauderdale, FL

      *Knowledge relating to work performed on the vessel at issue.*

H.    Amy Joawiak
      L&W Insurance Agency
      Post Office Box 918
      Dover, DE 19903

      *Knowledge relating to insurance coverage for the vessel at issue.*

I.    Jim Salerno
      Travelers

      *Knowledge of the adjustment of the property insurance claim filed by plaintiff's insured and the damages caused by the fire. He was the primary Travelers adjuster for this claim.*

J.    U.S. Coast Guard
      Coast Guard Group Charleston

      *Knowledge relating to the rescue of Mr. Mason and Mr. Matarese during the fire at issue and knowledge of the sinking of the vessel at issue near Savannah, Georgia.*

K.    Martec of Maryland
      12507 Sunset Avenue, Unit #3
      Ocean City, MD 21842

      *Knowledge relating to work performed on the vessel at issue from May 2003 through July 2003.*

L.    Edison Works, Inc.
      2968 Ravenswood Road, #107
      Ft. Lauderdale, FL 33312

      *Knowledge of installation of aluminum and glass on the vessel at issue during construction.*

M.   Island Yacht Interiors
1107 Butterworth Court
Stevensville, MD 21666

*Knowledge of materials provided for interior decoration of the vessel at issue.*

N.   Dave Lockwood
Mason Building Group, Inc.
35 Albe Drive
Newark, DE 19702

*Knowledge of carpentry work performed on the vessel at issue during construction.*

The list included above is not all inclusive, and plaintiff reserves the right to identify other relevant individuals who may possess information regarding the incident and events related to the plaintiff's claims in this case. Plaintiff has previously produced documents that identify other persons who may have knowledge of relevant facts in this case at Bates Nos. "SFIC 00001 – SFIC 00703." In addition, plaintiff reserves the right to identify any individual necessary to authenticate documents.

7.     Identify in detail any and all communications between plaintiff and any other person (excluding plaintiff's attorneys) concerning the incident.

ANSWER:   Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. In addition, it seeks the disclosure of information that is protected by the attorney-client privilege or work-product doctrine. Subject to those objections and without waiving the foregoing, plaintiff has previously

produced documents and tangible things at Bates Nos. "SFIC

00001 – SFIC 00703."

8.     Is plaintiff aware of any statements (as defined in Fed. R. Civ. P. 26(b)(3))

concerning the incident?  If so, for each statement identify the person who made the

statement, the date the statement was made, and the subject matter of the statement.

ANSWER:     Plaintiff has previously produced to defendant a copy of the

transcripts of recorded statements given by Mr. R. Scott Mason

and Mr. Michael J. Matarese, III.  (*See* Bates Nos. "SFIC 00628 –

SFIC 00703").

9.     If plaintiff's response to any of the accompanying Requests for

Admissions is anything other than an unqualified admission, set forth in detail the basis

of such response.

ANSWER:     Plaintiff objects to this Interrogatory on the grounds that it is

overly broad, ambiguous, unduly burdensome, and it attempts to

improperly expand the scope and requirements of Rule 36 of the

Federal Rules of Civil Procedure.

10.     Identify with specificity the facts in support of plaintiff's claim that F&S

Boatworks, Inc. is liable for the loss of the vessel.  In respect of each such fact identify

the witness with knowledge thereof and/or the documents pertaining thereto.

ANSWER:     Plaintiff objects to this Interrogatory on the grounds that it is

overly broad, ambiguous, and unduly burdensome.  Moreover, it

seeks the disclosure of expert opinions before expert disclosures

are required under the Court's Scheduling Order.  Furthermore,

this case is in the early stage of discovery.  In addition, plaintiff's

Complaint includes a description of its contentions, which

sufficiently apprise defendant of plaintiff's claims.

Subject to those objections and without waiving the foregoing,

plaintiff contends at this time that F&S's improper installation of

the AC generator engine in the vessel at issue during its

manufacture caused the fire.  In addition, F&S's improper design

and installation of the fire suppression system prevented the fire

from being adequately and properly extinguished.  This improper

design and installation resulted in the total destruction of the

vessel, instead of a localized fire with minor damage.

Plaintiff will provide defendant with more detailed and final

contentions when it provides its expert disclosures in accordance

with the Court's Scheduling Order and the Federal Rules of Civil

Procedure.  As such, it expressly reserves its right to modify,

amend, and expand upon these contentions.

QUICK & WIDIS, PLLC

By: _____

Hunter C. Quick, Esquire
Email: hquick@quickwidis.com
Howard M. Widis, Esquire
Email: hwidis@quickwidis.com
2100 Rexford Road, Suite 200
Charlotte, NC 28211
Phone:  704-364-2500
Fax:  704-365-8734


Claire M. DeMatteis, Esquire DE Bar #3187
Michael P. Migliore, Esquire DE Bar #4331
STRADLEY RONON STEVENS &
        YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone:  (302) 576-5853
Fax:     (302) 576-5858
Email: CDeMatteis@stradley.com


*COUNSEL FOR PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE STANDARD FIRE
INSURANCE COMPANY,               )
                                 )
         Plaintiff,              )        Civil Action No. 07-132-JJF
                                 )
         v.                      )
                                 )
F & S BOATWORKS, INC.            )
                                 )
         Defendant.              )

## PLAINTIFF'S ANSWERS TO REQUESTS FOR ADMISSIONS
## OF DEFENDANT F&S BOATWORKS, INC.

COMES NOW the plaintiff, The Standard Fire Insurance Company ("Standard Fire"), by its attorneys, and submits its Answers to the Requests for Admissions propounded by defendant F&S Boatworks, Inc. ("F&S"), as follows:

1.      Admit that plaintiff has not determined the cause and origin of the fire.

ANSWER:    Denied.

2.      Admit that plaintiff has performed no physical inspection of the vessel or any of its components to determine the cause and origin of the fire.

ANSWER:    Plaintiff admits that as of the date of this Answer, it has performed no physical inspection of the vessel at issue, which currently is located underwater off the coast of Savannah, Georgia.

EXHIBIT

*B*

3.  Admit that plaintiff does not intend to recover the vessel or any of its components to conduct a physical inspection.

ANSWER:    Plaintiff has not made a final decision concerning the information in this Request, and the information known or obtainable at this time is insufficient to enable plaintiff to admit or deny this Request.  Discovery in this case is in its early stage and plaintiff currently lacks sufficient information or knowledge to either admit or deny this Request

4.  Admit that plaintiff possesses no evidence that the fire was caused by a defect in any component part of the vessel provided by F&S Boatworks, Inc.

ANSWER:    Denied

5.  Admit that plaintiff possesses no evidence of any defect in the Fireboy fire suppression system.

ANSWER:    Denied.

QUICK & WIDIS, PLLC

By: _____
    Hunter C. Quick, Esquire
    Email: hquick@quickwidis.com
    Howard M. Widis, Esquire
    Email: hwidis@quickwidis.com
    2100 Rexford Road, Suite 200
    Charlotte, NC 28211
    Phone:  704-364-2500
    Fax:  704-365-8734

2

Claire M. DeMatteis, Esquire DE Bar #3187
Michael P. Migliore, Esquire DE Bar #4331
STRADLEY RONON STEVENS &
     YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone:  (302) 576-5853
Fax:     (302) 576-5858
Email: CDeMatteis@stradley.com


*COUNSEL FOR PLAINTIFF*



## QUICK & WIDIS, PLLC

ATTORNEYS AT LAW

2100 REXFORD ROAD, SUITE 200 • CHARLOTTE, NC 28211 • PHONE: (704) 364-2500 • FAX: (704) 365-8734

HUNTER C. QUICK*
hquick@quickwidis.com

Also admitted in:
* Tennessee and West Virginia
**Illinois and New York

HOWARD M. WIDIS**
hwidis@quickwidis.com

KURT F. HAUSLER
khausler@quickwidis.com

January 14, 2008

Michael B. McCauley
PALMER BIEZUP & HENDERSON LLP
1223 Foulk Rd.
Wilmington, DE  19803

Re:     The Standard Fire Ins. Co. v. F & S Boatworks, Inc.
        US DC  for Delaware
        Case No.:      07-132-JJF
        Our Insured:   Scott Mason/Jammers LLC
        Claim No.:     LPU3338
        Our File No.:  00113

Dear Michael:

I refer to your letter of January 4, 2008 along with your notice of deposition of several witnesses for the week of January 28, 2008. I have conferred with my clients and Mr. Mason and Mr. Matarese are available that week. I would propose that these depositions take place on Wednesday, January 30 and Thursday, January 31. If you feel both of these can be accomplished in one day, please let me know. In any event, I await your advice regarding a specific date and time for these two depositions.

As we have discussed, we do object to your notice of the depositions of our experts, James Cote and Charles Game, prior to their reports being issued. We also object to a 30(b)(6) deposition related to the specific matters listed in paragraph 5 of your notice. With regard to the depositions of our experts, we maintain your notice is premature. We have identified both James Cote and Charles Game as individuals retained to evaluate aspects of this case. We have further advised that we anticipate naming them as testifying experts and as such will provide expert disclosure in accordance with the Court's scheduling Order and Federal Rules of Civil Procedure.

**EXHIBIT**

C

I draw your attention to Rule 26(b)(4)(A) which states:

> (4) Trial Preparation: Experts
>> (A)  A party may depose any person who has been identified as an expert whose opinions may be presented at trial.  *If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.*  (Emphasis added)

As you know, the Court's scheduling order requires our expert's reports to be issued by March 17, 2008.  As such, it is our position that the rules do not allow you to take either Mr. Cote or Mr. Game's deposition at this time.  We will, of course, make these two experts available for depositions after their reports are issued.  I therefore would appreciate receiving your confirmation that your notice of deposition for these two individuals is withdrawn.  If you still maintain that you have the right to take these two depositions prior to their reports be issued, we will be seeking a protective order from the court.

We also object to producing a 30(b)(6) deponent to respond to the specific matters stated in your notice.  We have provided complete responses to your discovery requests and full documentation was provided in our initial disclosures.  You will have the opportunity to depose Mr. Mason and Mr. Matarese pursuant to your notice. However, you are now seeking to discover opinions held by our experts as to how these facts support the various causes of action.  Furthermore, you are seeking the mental impressions of counsel as well as other attorney-client protected information and communication.   As such, we also request your confirmation that your notice of deposition for a 30(b)(6) deponent to testify regarding the specific points raised in your notice be withdrawn.  Likewise, we will be seeking a protective order from the court if this particular 30(b)(6) notice is not withdrawn.

I look forward to speaking with you regarding a specific date and time for the Mason and Matarese depositions and to your position regarding the Cote/Game/30(b)(6) depositions.

Your cooperation is appreciated.

Sincerely,
QUICK & WIDIS, PLLC

Howard M. Widis

HMW/sdl
Enclosure

Cc:    Stradley, Ronon, Stevens & Young, LLP
       Attn: Claire DeMatteis, Esq.



# PALMER
Attorneys at Law

PHILADELPHIA | NEW JERSEY | NEW YORK | DELAWARE | MARYLAND

**Michael B. McCauley**
*Partner*
mccauley@pbh.com

15 January 2008

Howard M. Widis, Esq.                                                    Via E-Mail and
Quick & Widis, PLLC                                                      First Class Mail
2100 Rexford Road, Suite 200
Charlotte, NC  28211

    Re:  Yacht *JAMMERS*
        Standard Fire Insurance Co. v. F&S Boatworks, Inc.
        D. Del. No. 07-132-JJF
        <u>Our File No.: 6122-003</u>

Dear Howard:

  Further to your letter of January 14, 2008, we would suggest January 30 at 10:00 a.m. for Capt. Matarese's deposition and January 31 at 10:00 a.m. for Mr. Mason's. Kindly confirm that you and the witnesses are available at these times.

  In our conversation last week regarding your objection to the depositions of Messrs. Coté and Game and of plaintiff's 30(b)(6) designee(s), we offered to adjourn these depositions in exchange for your producing Mr. Coté's July 2005 report and Mr. Game's January 2007 report, with the understanding that this would not constitute a waiver of any privilege plaintiff may have. You advised that you would consider the proposal but based on your letter it appears you may have rejected it.

  Plaintiff's interrogatory answers assert that the fire was caused by the AC generator engine and that the fire suppression system was improperly designed and installed, but there is no reference to any facts that support these contentions. You also declined to provide any factual basis for plaintiff's responses to the requests for admissions. The other materials you have produced to date give no indication whatsoever as to the cause and origin of the fire.

PBH: 194428.1      **Palmer Biezup & Henderson LLP**
          1223 Foulk Road | Wilmington, Delaware 19803
          P 302.594.0895 | 302.478.7443 | F 302.478.7625



**EXHIBIT**

*D*



Howard M. Widis, Esq.
M/Y JAMMERS
15 January 2008
Page 2

The purpose of the depositions is simply to ascertain the factual basis of plaintiff's claim. Certainly a plaintiff is not permitted to wait until after discovery is over without revealing the facts on which its claim is based or being subject to examination about those facts.

We remain willing to adjourn the depositions in return for production of the July 2005 and January 2007 reports, which presumably contain some recitation of facts that form the basis for the allegations in the complaint.

We look forward to hearing from you.

With kind regards.

                              Very truly yours,

                              PALMER BIEZUP & HENDERSON LLP

                              By: _____
                                   Michael B. McCauley

MMc:lr

cc:    Stradley, Ronon, Stevens & Young, LLP
       Attn:   Claire DeMatteis, Esq.

PBH: 194428.1

**From:** Mike McCauley
**To:** hwidis@quickwidis.com
**Sent:** Thursday, January 24, 2008 4:32 PM
**Subject:** Standard Fire Ins. Co.



## PALMER
Attorneys at Law

PHILADELPHIA | NEW JERSEY | NEW YORK | DELAWARE | MARYLAND

Dear Howard,

To resolve your objection to the depositions of Mr.Game and Mr. Cote, we are willing to adjourn these depositions until after the current deadline for the production of plaintiff's expert reports, with the following conditions:

Plaintiff stipulates in writing that it is presently unaware of any factual information supporting its claim other than the information contained in the discovery materials plaintiff has already produced to Defendant. The foregoing is without prejudice to Plaintiff's right to rely on any additional factual information obtained during the remainder of discovery.

Plaintiff agrees to supplement its answer to Defendant's Interrogatory No. 10 by stating the factual basis for its contentions that the fire was caused by improper installation of the AC generator engine and that the Fireboy system was improperly designed and installed. The foregoing is without prejudice to Plaintiff's right to further supplement or amend its answer based on additional facts obtained during the remainder of discovery.

The parties will file a stipulation with the Court giving Defendant until May 19, 2008 (an extra 30 days) to produce its expert report(s), with all subsequent dates in the scheduling order also extended by 30 days. The deadline to join third parties will also be extended to April 1, 2008.

We understand that you have withdrawn your objection to the 30(b)(6) deposition.

Kind regards,

Mike

Michael B. McCauley

Palmer Biezup & Henderson, LLP

Dir.: 302.594.0895
Mob: 302.753.1675
mccauley@pbh.com

---

**EXHIBIT**

**E**

**From:** Howard Widis [mailto:hwidis@quickwidis.com]
**Sent:** Friday, January 25, 2008 4:36 PM
**To:** Mike McCauley
**Subject:** Fw: Standard Fire Ins. Co.

Mike:

Further to my email of January 24, 2008, upon further reflection and review I must again raise my objection to providing a 30(b)(6) representative to testify to any of the specific areas you listed in your notice of deposition. We would not permit the 30 (b)(6) representative to testify in the deposition regarding information provided by a retained expert or learned from counsel. Therefore having them simply repeat the facts already provided would be waste of time and expense and an undue burden.

With regard to the experts, the rules state that you are not entitled to take their deposition until they issue their reports. As such, I am going to file the motion for a protective order for the experts and 30(b)(6).

In any event, I will see you on Wednesday & Thursday. Please let me know the exact address where it is being held.

Thanks
Howard


----- Original Message -----
**From:** Howard Widis
**To:** Mike McCauley
**Sent:** Thursday, January 24, 2008 5:50 PM
**Subject:** Re: Standard Fire Ins. Co.

MIke:

I am considering your proposal. However, as a matter of clarification, I have withdrawn my objection to the 30(b)(6) deposition seeking testimony on 5(c) in your notice, i.e. the factual basis for Plaintiff's contentions that F& S Boatworks, Inc. improperly installed the AC generator engine, that such alleged improper installation caused the fire, that the fire suppression system was improperly designed and installed and that such allegedly improper design and installation caused the total loss of the vessel. While we have provided the factual information in response to discovery, we will produce a witness to testify to their knowledge of the facts. As per our discussion, I will see if someone can be available on Feb. 12 or 13.

However, I do object to a 30(b) (6) deposition seeking testimony regarding (a) the cause and origin of the fire to the extent it is based upon our expert's opinions. Furthermore, I object to testimony regarding (b) plaintiff's decision to institute suit against F & S Boatworks, Inc. as that seeks information protected by the attorney client privilege.

I will be responding to your proposal.

Kind regards,
Howard

Howard M. Widis
Quick & Widis, PLLC
2100 Rexford Rd., Suite 200
Charlotte, NC 28211
(704) 364-2500
Fax (704) 365-8734

Confidentiality - The information contained in this transmission is attorney privileged and confidential information and is intended only for the use of the individual or entity named above. If the reader of the message is NOT the intended recipient, you are hereby notified that any distribution, dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or by replying to this email and delete all copies of this message and all attachments.



EXHIBIT

F