```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

THE STANDARD FIRE INSURANCE    :
COMPANY,                       :
                               :
        Plaintiff,             :
                               :
    v.                         :   Civil Action No. 07-132-JJF
                               :
F & S BOATWORKS, INC.,         :
                               :
        Defendant.             :
```

**MEMORANDUM ORDER**

Currently before the Court is Plaintiff's Motion for Protective Order (D.I. 16).  For the reasons discussed, Plaintiff's Motion will be denied.

This action in admiralty was filed by Plaintiff on March 2, 2007 seeking damages as a result of a fire aboard a sportfishing vessel manufactured by Defendant.  Under the parties' Stipulation Extending Discovery and Continuing Pretrial Conference (D.I. 22), which was ordered by the Court on May 15, 2008, Defendant's expert reports were to be produced by May 30, 2008, and any supplemental expert reports from Plaintiff were to be produced by June 13, 2008.

By their motion, which was filed on January 25, 2008, Plaintiff moves the Court for a Protective Order regarding Defendant's noticing the depositions of (1) James A. Cote ("Mr. Cote"); (2) E. Charles Game ("Mr. Game"), and (3) persons designated by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) to testify on the matters listed in Defendant's January 4, 2008

Notice of Deposition.  Plaintiff contends that Mr. Cote and Mr. Game are retained experts, that their reports were not yet due, and discovery was still ongoing.  Accordingly, Plaintiff contends, deposition of these experts prior to the issuance of their reports, would be premature.  Regarding the 30(b)(6) deposition, Plaintiff contends that Defendant is seeking to obtain information explaining the relevance of facts already provided by Plaintiff, and to obtain and explore expert reasoning and opinions by questioning a 30(b)(6) representative.  Plaintiff further contends that Defendant is seeking information protected by attorney-client privilege.

    Defendant responds that Plaintiff has not provided any details regarding its claim, which has handicapped Defendant's ability to assess the case, and that Defendant has noticed the depositions of Mr. Cote, Mr. Game and Plaintiff's Rule 30(b)(6) designee(s) to ascertain the factual basis of Plaintiff's allegations.  Defendant contends that it is entitled to discover all facts upon which Plaintiff bases its allegations, even if those facts were developed through Plaintiff's pre-lawsuit investigation.

    A prerequisite to the issuance of a protective order governing discovery is a showing of "good cause," which exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order. <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1994);

Fed.R.Civ.P. 26(c). The Court finds that, at this late stage of the litigation, the basis for Plaintiff's motion is largely moot, the parties having exchanged, if any, expert reports by June 13, 2008. However, to the extent that these issues are still outstanding, the Court will deny Plaintiff's Motion for a Protective Order, finding that Plaintiff has failed to establish "good cause" for the requested Order, and that Defendant's Notice of Deposition requests are reasonably calculated to lead to the discovery of admissible evidence.

## ORDER

For the reasons discussed, it is hereby ordered that Plaintiff's Motion for Protective Order (D.I. 16) is **DENIED**.

July 2, 2008
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE